UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NOAH DERYLAK FOR FRANK
DERYLAK (DESEACED) and CRAIG
MAXWELL,

    Plaintiffs,                                          Case No.: 6:24-cv-947-CEM-EJK

vs.

WHITE RIVER MARINE GROUP, LLC;
BRUNSWICK CORPORATION d/b/a
MERCURY MARINE; DOMESTIC MARINE
CANADA INC.; T-H MARINE SUPPLIES,
LLC;

    Defendants.
_____/

**DEFENDANT, T-H MARINE SUPPLIES, LLC'S MOTION
FOR EXTENSION OF TIME TO DISCLOSE EXPERT
WITNESS AND DISCOVERY DEADLINES**

COMES NOW the Defendant, T-H MARINE SUPPLIES, LLC. (hereinafter "Defendant"), pursuant to Federal Rules of Civil Procedure 26 and 37, by and through the undersigned counsel files this Motion for Extension of Time to Disclose Expert Witness and Discovery Deadlines, and as grounds therefore would state as follows:

**I. Background**

1. On July 20, 2024, this Court entered a Uniform Case Management Report [Dkt no. 30] providing a deadline of May 1, 2025, for Defendants to serve expert disclosures pursuant to Federal Rule 26(a)(2).

2. This Court also provided a deadline of May 30, 2025 for the completion of discovery.

3. Trial is currently set durting the December 2025 trial term with the Pre-Trial Conference scheduled for November 20, 2025.

4. Discovery is ongoing in this case. Thus, Defendant is in need of additional time to provide its expert witnesses with sufficient documentation in order to permit them to render their opinion(s) in this case.

5. Defendant is attempting in good faith to complete its expert disclosure in compliance with this Court's order, but is in need of an additional thirty (30) day extension to do so. Defendant also is requesting a thirty (30) day extension for the completion of discovery so that Plaintiffs are able to take the depositions of Defendant's expert witnesses prior to the discovery deadline.

6. The Defendant is requesting that deadline for Defendant's expert disclosure to be extended to June 2, 2025 and completion of discovery and motion to compel discovery to be extended to July 1, 2025.

7. This motion is not made for purposes of delay or avoidance, but to permit Defendant to accurately and completely comply with the Court's order and

applicable rule in serving its expert witness disclosure. The parties will not be prejudiced by the granting of the requested extension.

## II. Discussion

8. Federal Rule of Civil Procedure 6(b) empowers this Court to grant requests for extensions of time. The requested 30-day extension is limited in length and does not evince any delay in the progress of this case to trial. Rather, the additional time is needed so that Defendant can fully comply with the expert witness disclosures, to include accompanying reports. The extension will not cause the continuance of any pretrial conference, hearing or trial pursuant to this Court's Order.

9. Federal Rule of Civil Procedure 26(a)(2)(A) provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Such disclosures must include a "written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B).

10. If a party fails to provide information or identify a witness under Rule 26(a), then the party is not allowed to use that information or witness to supply evidence at trial "unless the failure was substantially justified or is harmless." Fed.

R. Civ. P. 37(c)(1). Substantial justification exists if there is "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Hewitt v. Liberty Mut. Grp., Inc.*, 268 F.R.D. 681, 682 (M.D. Fla. 2010).

11.     Defendant's request for extension of time for expert witness disclosure and completion of discovery is harmless, because it is made prior to the disclosure deadline pursuant to this Court's order. If Defendant's motion is granted, Plaintiffs will have thirty (30) days remaining in the discovery period to depose Defendants experts. The Case Management Scheduling Order can be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

WHEREFORE, Defendant, T-H MARINE SUPPLIES, LLC., respectfully requests this Honorable Court to enter an Order granting Defendant's Motion for Extension of Time to Disclose Expert Witness and Completion of Discovery as noted above, as well as any other relief this Honorable Court deems just and proper.

## **LOCAL RULE 3.01(g) CERTIFICATION**

Pursuant to Local Rule 3.01(g), the undersigned certifies that they conferred with all counsel of record and counsels do not oppose the relief being sought in the motion.

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF system on this 25th day of April, 2025 to all counsel on the attached service list.

**KUBICKI DRAPER**
201 S. Orange Avenue,
Suite 475
Orlando, Florida 32801
Direct Line: 407-245-3630
Email:  YP-KD@kubickidraper.com


BY:  */s/ Yvette M. Pace*
       YVETTE M. PACE
       Florida Bar No.:  188824

# **SERVICE LIST**

Christian Leger , Esq.
Morgan & Morgan, P.A
20 N Orange Avenue
Suite 1600
Orlando, FL 32801
(689) 265-2102

Rae Eaddy , Esq.
Wilson Elser Moskowitz Edelman & Dicker LLP
100 Southeast Second Street
Suite 2100
Miami, FL 33131-2126
(305) 395-5601
(305) 374-4400

Katherine Kaplan , Esq.
Wilson Elser Moskowitz Edelman & Dicker LLP
100 Southeast Second Street
Suite 2100
Miami, FL 33131-2126
(305) 374-4400

Kaylin S. Grey , Esq.
Wilson Elser Moskowitz Edelman & Dicker LLP
100 Southeast Second Street
Suite 2100
Miami, FL 33131-2126
(305) 374-4400